# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MITCHEL P. ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-995-SPM |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Mitchel P. Anderson for leave to commence this action without payment of the required filing fee [Doc. #4]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee, and therefore, he will be granted leave to proceed in forma pauperis. Furthermore, for the reasons set forth below, the Court will dismiss this action without prejudice.

### The Petition

Petitioner, an inmate at the Northeast Correctional Center, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's allegations arise out of his confinement at the Eastern Reception and Diagnostic Correctional Center.

Petitioner claims that he was denied medical treatment, as well as access to the law library and the courts, in violation of his constitutional rights. Petitioner requests this Court to "issue a habeas corpus and temporary restraining order and/or injunction."

**Discussion**

It is a well-settled general principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. *See Viens v. Daniels*, 871 F.2d 1328, 1333 (7th Cir. 1989); *see also White v. Gittens*, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and damages). Consistent with this general rule, a prisoner's claims of failing to diagnose and treat a medical condition against a state actor, or a claim of denial of access to the courts, may be brought as a civil rights suit for damages or injunctive relief pursuant to 42 U.S.C. § 1983. Thus, to the extent that petitioner is seeking injunctive relief in the instant action, his recourse is under section 1983, not habeas corpus. Moreover, the Court notes that, when, as in the instant case, a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot. *See Gladson v. Iowa Department of Corrections,* 551 F.3d 825, 835 (8th Cir.2009); *Pratt v.*

*Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley,*

190 F.3d 852, 855 (8th Cir.1999).

For these reasons, the Court will dismiss the instant habeas petition, but notes

that dismissal is without prejudice to filing a future habeas corpus action, following

exhaustion of state remedies,[1] or to any constitutional claims which petitioner may

bring in this Court under 42 U.S.C. § 1983.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in

forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause

process to issue upon the petition, because this action shall be dismissed, without

prejudice.  *See* 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail petitioner two

---

[1]The Court notes that, even if the instant action had been properly brought under 28 U.S.C. § 2254, the action would be subject to dismissal, because there is no indication that petitioner has exhausted his available state remedies.  In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.  The State of Missouri provides habeas corpus relief for prisoners in its custody.  *See* Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01.

(2) court forms titled "Prisoner Civil Rights Complaint under 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that petitioner's remaining pending motions are

**DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of June, 2013.


**/s/ Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**